# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0292V

| | |
|---|---|
| LEAH KING,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 20, 2024 |

*Lisa Annette Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 7, 2021, Leah King filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury or, in the alternative caused-in-fact injury, after receiving an influenza vaccine on September 10, 2020. Amended Petition at 2, 5.. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 10, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 20, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $153,249.13,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] On March 17, 2023, Petitioner filed an amended petition. ECF No. 36.

representing $145,000.00 for pain and suffering, $5,202.63 for past unreimbursable expenses, and $3,046.50 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>153,249.13</u>, representing $145,000.00 for pain and suffering, $5,202.63 for actual unreimbursable expenses, and $3,046.50 for actual lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                              )
LEAH KING,                                    )
                                              )
            Petitioner,                       )
                                              )        No. 21-292V
      v.                                      )        Chief Special Master Brian H. Corcoran
                                              )        ECF
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                               )
                                              )
            Respondent.                       )
_____           )

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 17, 2023, Leah King ("petitioner") filed an amended petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine

administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on

September 10, 2020.  Amended Petition at 1.  On October 10, 2023, the Secretary of Health and

Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate

for compensation under the terms of the Act for a Table SIRVA injury, and on the same day, the

Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

ECF No. 44-45.

I.      **Items of Compensation**

        A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $145,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.	Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,202.63.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.	Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $3,046.50.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.	Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $153,249.13, in the form of a check payable to petitioner.

**III.	Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Leah King:	$153,249.13

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

*/s James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date: June 20, 2024

3